No. 92–7985. Guy v. Wisconsin. Sup. Ct. Wis. Certiorari denied.

Justice White, with whom Justice Thomas joins, dissenting.

In this case, the Wisconsin Supreme Court held that police executing a search warrant for narcotics in a private residence were justified in frisking all persons found on the premises for weapons. Because that holding places the Wisconsin Supreme Court in conflict with other state courts, I would grant certiorari.

While executing a search warrant for cocaine at a residence, Milwaukee police rounded up the five persons found on the premises, handcuffed them, and frisked them for weapons. While patting down petitioner, an officer felt a soft bulge in petitioner's pocket that she believed to be cocaine or marijuana. The officer asked petitioner what it was and petitioner told the officer to "[f]ind out for [her]self." The officer then reached into the pocket and retrieved a baggie containing bindles of cocaine. In upholding petitioner's conviction for possession of cocaine, the Wisconsin Supreme Court held that the patdown search of petitioner was permissible under *Terry* v. *Ohio*, 392 U. S. 1 (1968), and that the seizure of the cocaine was proper under a "plain-touch corollary to the plain-view doctrine." 172 Wis. 2d 86, 101, 492 N. W. 2d 311, 317 (1992).

In holding that police had reasonable suspicion to frisk petitioner, the court below noted that "[a] magistrate had found probable cause to believe that cocaine trafficking was taking place in the residence in which officers found [petitioner]" and that "weapons are often 'tools of the trade' for drug dealers." *Id.*, at 96, 492 N. W. 2d, at 315. Other state courts have upheld patdown searches of persons encountered during the execution of a narcotics search warrant in a private residence on the same rationale. See, *e. g.*, *State* v. *Alamont*, 577 A. 2d 665, 667–668 (R. I. 1990); *State* v. *Zearley*, 444 N. W. 2d 353, 357 (N. D. 1989); *People* v. *Thurman*, 209 Cal. App. 3d 817, 824, 257 Cal. Rptr. 517, 520 (1989). Others, however, have disallowed patdown searches on essentially identical facts, holding that a defendant's " 'mere presence' at a private residence being searched pursuant to a search warrant cannot justify a frisk of [the defendant's] person." *State* v. *Broadnax*, 98 Wash. 2d 289, 295, 654 P. 2d 96, 101 (1982); see also *United States* v. *Harvey*, 897 F. 2d 1300, 1304, n. 2 (CA5 1990). Specifically, the courts disagree over whether this Court's

holding in *Ybarra* v. *Illinois,* 444 U. S. 85 (1979), that police could not frisk all persons present in a public tavern while executing a search warrant based merely on their presence there applies where a search warrant for drugs is executed in a private home. The court below distinguished *Ybarra* on the grounds that occupants found in a private residence, unlike those found in a public tavern, are "very likely" to be associated with any illegal narcotics activity on the premises and thus likely to be armed and dangerous. 172 Wis. 2d, at 98, 492 N. W. 2d, at 316; accord, *Alamont, supra,* at 668; *Zearley, supra,* at 357; *Thurman, supra,* at 824–825, 257 Cal. Rptr., at 520–521. The Washington Supreme Court in *Broadnax,* however, rejected this reasoning and held *Ybarra* to be controlling. *Broadnax, supra,* at 295, 654 P. 2d, at 101.

In my view, the issue is of significant practical importance to law enforcement officers executing search warrants and to the citizens they encounter while doing so. I would grant certiorari to resolve the constitutional question.